IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHEREKA DAE RAINEY | : | |
| | : | |
| v. | : | CIVIL NO. CCB-04-3848 |
| | : | |
| STATE OF MARYLAND, ET AL. | : | |

...o0o...

MEMORANDUM

Chereka Dae Rainey instituted this twenty-count complaint against the State of Maryland, two Maryland State Police officers, Baltimore County, a Jane Doe 911 dispatcher, and numerous Baltimore County police officers, alleging federal and state claims arising out of the death of her father. Now pending is a motion to dismiss filed by the State of Maryland, Corporal Hart, and Trooper Krysiak (cumulatively "the state defendants"). This matter has been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons stated below, the court will grant the state defendants' motion to dismiss.

BACKGROUND

On or about December 14, 2001, Chereka Dae Rainey's father, Albert Covington III, was arrested and detained in police custody. (Compl. ¶ 7.) Rainey alleges that her father was unlawfully arrested, seized, detained, beaten, and brutalized by the police officers at the scene. (Id. at ¶ 8.) Her only specific allegation concerning the state defendants is that Corporal Hart and Trooper Krysiak either participated in the beating or failed to prevent the other officers from beating her father. (Compl. ¶¶ 29, 34.) Rainey also asserts generally that the defendants failed to promptly seek medical care for her father, which further contributed to his death later that day. (Compl. ¶ 48.) On or about December 12, 2003, Rainey filed a twelve count complaint in the Circuit Court for Baltimore County against the same defendants now named in this case alleging

state tort law claims arising out of the death of her father.  On or about March 8, 2004, the state court dismissed the State of Maryland.  (Circuit Court Dismissal Order, see docket entry no. 9.) Rainey filed this suit on December 7, 2004, alleging both federal and state causes of action.[1]  The state defendants have moved to dismiss.

## ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted); Stratagene v. Parsons Behle & Latimer, 315 F.Supp.2d 765, 772 (D.Md. 2004).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997); Luy v. Baltimore Police Dept., 326 F.Supp.2d 682, 687 (D.Md. 2004).  Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Edwards, 178 F.3d at 244.

The Eleventh Amendment prohibits suit in federal court by private individuals against a state unless the state has consented to suit and/or Congress has lawfully abrogated the states'

---

[1]Rainey's complaint in the Circuit Court for Baltimore County included the Baltimore County Sheriff's Department.  That party was dismissed as a defendant in the state court's order dated March 8, 2004, and was not included in this suit.

Eleventh Amendment immunity. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003); Lewis v. Bd. of Ed., 262 F.Supp.2d 608, 612 (D.Md. 2003). The State of Maryland has not consented to suit in federal court. Though Maryland has waived its sovereign immunity in the Maryland Tort Claims Act ("MTCA"), it has done so only for actions brought in state courts. Md. St. Gov't. Code Ann. § 12-104(a)(1). Rainey's claims against the State of Maryland are therefore barred by the Eleventh Amendment.

Rainey's MTCA claims also fail because she has not complied with the notice requirements necessary to bring a claim against the state. Under the MTCA, Rainey was obligated to submit a written claim to the Treasurer of the State of Maryland within one year of the date of injury. See Md. Code St. Gov't Ann., § 12-106(b)(1). "Timely filing of the claim with the State Treasurer's Office is a condition precedent to bringing an action under the MTCA." Gray v. Maryland, 228 F.Supp.2d 628, 640-641 (D. Md. 2002)(citing Haupt v. State, 667 A.2d 179, 183 (Md. 1995)). The date of the alleged injury was December 14, 2001 but Rainey's claim was received by the Treasurer's office on December 23, 2002. (State Defs.' Mot. to Dismiss, Ex. 2, Stout Aff. ¶ 4.) Relying on Conaway v. State of Maryland, 600 A.2d 1133, 1136-137 (Md. App. 1992), Rainey argues that substantial compliance with the MTCA is sufficient to satisfy the conditions precedent to filing suit. Conaway explicitly distinguishes, however, between the failure to give notice at all within the filing period, which is considered an "outright failure to comply," and situations where notice was given but deviated from the required form or content. Id. The doctrine of substantial compliance applies only in the latter circumstance.

Rainey maintains that her late filing should be excused because she alleges the

defendants concealed the cause of her father's death and ignored her requests for information. (Pl.'s Mot. in Opp'n to State Defs.' Mot. to Dismiss ¶ 7.)   Though Rainey claims that she sent several letters seeking information from the various defendants, she does not provide any of these letters as evidence.  As equitable tolling is "a narrow limitations exception," and Rainey's notice was nine days late, the exception will not be applied in this case.  Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990).[2]

The individual defendants assert they are entitled to immunity on the state law claims. Because the constitutional claims must proceed in any event, that aspect of the motion to dismiss will be denied.

The defendants' request that this court abstain from further proceedings is denied without prejudice.  A status report regarding the state case is due October 21, 2005.

A separate Order follows.


  September 21, 2005                                      /s/
Date                                            Catherine C. Blake
                                                United States District Judge

---

[2] I do not have sufficient documentation from the state court proceedings to fully determine the basis of the Circuit Court's dismissal order, and therefore do not rely on *res judicata*.